IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-140-3-BO
No. 7:15-CV-43-BO

| | | |
|---|---|---|
| DUSTIN ALLEN CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **O R D E R** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, petitioner's motion to amend, the government's motion to dismiss, and petitioner's motion to expand the record. For the reasons discussed below, petitioner's motion to amend is granted, his motion to expand the record is denied as moot, and his § 2255 motion is dismissed.

## BACKGROUND

Petitioner, Mr. Carter, was sentenced by this Court to a term of seventy-eight months' imprisonment after pleading guilty pursuant to a plea agreement to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. [DE 142]. Mr. Carter noticed a direct appeal, and by opinion entered August 6, 2014, the court of appeals affirmed this Court's judgment. [DE 182]. Mr. Carter then filed a timely motion to vacate pursuant to 28 U.S.C. § 2255 raising six grounds for relief. Mr. Carter contends that he received the ineffective assistance of counsel and that he was not appointed counsel at his initial appearance. Mr. Carter also filed a motion to expand the scope of the § 2255 proceedings record, requesting a show

cause order directing the government to file an affidavit of Mr. Carter's trial counsel, Geoffrey Willis. The government has responded to the motion and has filed the affidavit of Mr. Willis.[1] Mr. Carter's motion to expand is therefore denied as moot. The Court has considered the memorandum submitted by Mr. Carter in support of his § 2255 motion and thus his motion to amend is granted.

## DISCUSSION

The government moves to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings). A Rule 12(b)(6) motion must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In order to demonstrate that the assistance of counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly

---

[1] The Court has not considered Mr. Willis' affidavit in deciding the motion to dismiss and thus need not convert the motion to one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

2

deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

*Ground One*

Mr. Carter first contends that his trial counsel was ineffective in conceding to at least 881 validated account numbers at sentencing and that absent such error there is a reasonable probability that Mr. Carter's sentence would have been lower. A review of the record in this matter reveals, however, that Mr. Willis specifically argued an objection to the presentence report relating to the number of access devices that the government could verify and whether or not the government should be held to proving whether those devices could, in fact, be utilized. [DE 177]. The Court would further note that the only case law in support of Mr. Willis' argument was not binding precedent. Under the highly deferential scrutiny this Court must apply in reviewing Mr. Willis' performance, the Court cannot find that his actions at sentencing were in any way deficient. Moreover, as noted by the court of appeals, it was undisputed that the government had validated more than 800 credit card numbers and that this was sufficient to support the loss amount included in Mr. Carter's presentence report. [DE 182]. Though Mr. Carter faults Mr. Willis for not continuing to argue that the government had not met its evidentiary burden as to the number of valid access devices, he does not argue or proffer any evidence that more than 800 credit card numbers were not in fact valid, and thus he cannot show any resulting prejudice. Mr. Carter has failed to state a claim of ineffective assistance of counsel in ground one.

*Ground Two*

In his second ground for relief Mr. Carter contends that Mr. Willis was ineffective in failing to file an objection to the presentence report arguing that the government must

3

demonstrate that Mr. Carter was responsible for the conduct of his co-conspirators under U.S.S.G. § 1B1.3(a)(1)(B), which provides that all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity shall be considered when determining the base offense level, specific offense characteristics, cross references, and adjustments. Mr. Carter specifically argues that he did not become involved in the fraudulent scheme until after March 7, 2012, and that he should not be held accountable for the actions of his co-conspirators prior to that date. However, Mr. Carter pleaded guilty to conduct beginning in March 2011 and ending in March 2012. [DE 92]. Mr. Carter does not contest the validity of his plea as to the conduct charged, and thus he cannot demonstrate that Mr. Willis' performance was deficient in some way for not arguing to the Court that Mr. Carter's conduct did not begin until the last month of the conspiracy. Mr. Carter has failed to state a claim of ineffective assistance of counsel in ground two.

*Ground Three*

Mr. Carter next contends that Mr. Willis failed to object to several violations of Rule 11 of the Federal Rule of Criminal Procedure that occurred during Mr. Carter's plea colloquy. First, although couched as an ineffective assistance of counsel claim, insofar as Mr. Carter is attempting to challenge the validity of his Rule 11 proceeding such claim is procedurally barred for failing to raise it on direct appeal. *Bousley v. United* States, 523 U.S. 614, 621 (1998). Mr. Carter contends that his trial counsel should have objected to the proceeding because the Court did not expressly inform Mr. Carter of the Court's authority to impose restitution and a special assessment when it informed him of the charges and punishments that he faced. However, the Court addressed Mr. Carter as to the plea agreement that he was entering into, whether he had read his plea agreement, whether he understood it, whether he had any questions about it, and

whether he was entering into it voluntarily. [DE 176 at 17-18]. The plea agreement expressly states that Mr. Carter would agree to make restitution and would be assessed a special assessment of $100. [DE 92]. The Court further advised Mr. Carter during the plea colloquy that he faced a fine of one million dollars, which far exceeds the amount of restitution and special assessment imposed. [DE 176 at 17]; *see United States v. Fentress*, 792 F.2d 461, 465-66 (4th Cir. 1986) (advisement of fine exceeding amount of restitution imposed rendered any failure to specifically advise defendant of possible restitution harmless). Mr. Carter cannot demonstrate any prejudice for his counsel's failure to object to the validity of his Rule 11 proceeding on these grounds.

*Ground Four*

Mr. Carter's plea agreement and valid Rule 11 colloquy further undermines ground four. Mr. Carter contends that Mr. Willis provided him with a different estimated Sentencing Guidelines range than what was ultimately determined to be the appropriate Guidelines range. Even assuming, *arguendo*, that this is true, Mr. Carter's plea agreement expressly states that the Court will consider but is not bound by any Guidelines range determined and that any estimate of the sentence received from any source is not a promise. [DE 92 at 4]. It further states that the defendant may not withdraw his guilty plea even if the statutory maximum sentence, which the Court advised Mr. Carter was thirty years' imprisonment, is imposed. *Id.* Thus, Mr. Carter cannot show any resulting prejudice from any alleged deficiency on behalf of Mr. Willis in providing Mr. Carter with an estimate of his sentence, and Mr. Carter cannot state a claim of ineffective assistance of counsel in ground four.

5

*Ground Six*

Mr. Carter's sixth claim is his final claim that he received the ineffective assistance of counsel. Mr. Carter contends that his trial counsel was ineffective in failing to seek a continuance of the sentencing hearing. The government correctly notes that Mr. Carter has not sufficiently alleged and cannot show any resulting prejudice – that the sentence he received would have been different – if Mr. Willis had sought a continuance. Indeed, there is no suggestion that the Court would have been required under these circumstances to grant a continuance. *See United States v. Copeland*, 707 F.3d 522, 531 (4th Cir. 2013) (not abuse of discretion to deny motion to continue sentencing hearing where defendant had been properly advised of maximum punishment and, as here, sentencing hearing had been scheduled for more than three months). Moreover, Mr. Willis' decision was within the wide range of acceptable performance by counsel and the Court does not find that not asking for a continuance fell below an objective standard of reasonableness. Mr. Carter has not stated a claim of ineffective assistance of counsel in ground six.

*Ground Five*

Mr. Carter's final ground for relief is not based on any alleged ineffective assistance of counsel. Mr. Carter contends that he was denied counsel at a critical stage of his proceedings when he was not represented at his initial appearance on January 30, 2012. The docket in this action reflects, however, that the Office of the Federal Public Defender was appointed to represented Mr. Carter at his initial appearance and did in fact appear at that proceeding. [DE 50 & 53]. Mr. Carter's claim that he was denied counsel is therefore without merit and fails.

Because Mr. Carter has not stated any ground upon which relief can be granted, the government's motion to dismiss is granted and Mr. Carter's § 2255 motion is dismissed.

CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## **CONCLUSION**

For the foregoing reasons, petitioner's motion to expand the scope of the record [DE 230] is DENIED AS MOOT and petitioner's motion to amend [DE 224] is GRANTED. The government's motion to dismiss [DE 226] is GRANTED, and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 211 & 218] is DISMISSED. A certificate of appealability is DENIED.


SO ORDERED, this _20_ day of August, 2015.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE