IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-140-3-BO
No. 7:15-CV-43-BO

| | |
|---|---|
| DUSTIN ALLEN CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | **O R D E R** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The government has responded and the motion is ripe for ruling. For the reasons discussed below, petitioner's motion is denied.

## BACKGROUND

Petitioner, Mr. Carter, was sentenced by this Court to a term of seventy-eight months' imprisonment after pleading guilty pursuant to a plea agreement to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. [DE 142]. Mr. Carter noticed a direct appeal, and by opinion entered August 6, 2014, the court of appeals affirmed this Court's judgment. [DE 182]. Mr. Carter then filed a timely motion to vacate pursuant to 28 U.S.C. § 2255. By order entered August 21, 2015, the Court granted the government's motion to dismiss and dismissed petitioner's § 2255 motion. Petitioner then filed the instant motion, arguing that the Court has committed clear errors of law.

## DISCUSSION

In order to succeed on a motion pursuant to Federal Rule of Civil Procedure 59(e), the movant must demonstrate that the judgment under reconsideration should be altered or amended. While the rule itself is silent as to when a judgment should be altered or amended, the Fourth Circuit has identified three circumstances that would justify such action: (1) to incorporate an intervening change in the law, (2) to incorporate new evidence which was unavailable when the court made its decision, and (3) to rectify a clear legal error or prevent manifest injustice. *See Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1996)). The decision to alter or amend a judgment is an extraordinary remedy, *Pac. Ins. Co.*, 148 F.3d at 403, and one committed to the discretion of the district court. *Bogart*, 396 F.3d at 555.

Mr. Carter alleges that the Court committed two clear errors of law in its order granting the government's motion to dismiss. First, Mr. Carter contends that the evidence clearly supports that he was not represented by counsel at his initial appearance before United States Magistrate Judge James Gates. As the Court has previously noted, the Office of the Federal Public Defender was appointed to represent Mr. Carter at his initial appearance and did in fact appear at that proceeding. [DE 50 & 53]. The Court has reviewed the transcript of Mr. Carter's initial appearance [DE 262] which confirms that counsel was appointed for Mr. Carter and was present with Mr. Carter at the proceeding.

Second, Mr. Carter contends that the Court committed clear error when it determined that Mr. Carter cannot show any resulting prejudice based on his counsel alleged miscalculation of Mr. Carter's applicable Sentencing Guidelines range. Mr. Carter contends that because this ground concerns interactions with his attorney which happened outside the courtroom, an

2

evidentiary hearing is necessary. However, that counsel may have misinformed him about his possible punishment is of no import as Mr. Carter affirmed during his Rule 11 colloquy that he was aware that the maximum punishment he could face was thirty years imprisonment and that he had discussed his plea agreement with his counsel and he understood it. [DE 176 at 17-18]. Mr. Carter's plea agreement expressly stated that the Court would consider but is not bound by any Guidelines range determined and that any estimate of the sentence received from any source is not a promise. [DE 92 at 4]. Mr. Carter has not shown that his plea was not knowing and voluntary, and thus the Court may conclude without an evidentiary hearing that Mr. Carter's "contrary allegations in his § 2255 motion are . . . false." *United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005).

As Mr. Carter has identified no clear error by the Court, nor any other basis for granting the motion, the Rule 59(e) motion is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion to alter or amend [DE 240] is DENIED.

SO ORDERED, this __1__ day of March, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3